# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THURMAN HARVEY HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-580-R |
| | ) | |
| | ) | |
| JOE ALLBAUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action alleging a violation of his constitutional rights with regard to his incarceration. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. Before the Court is the Report and Recommendation filed by Judge Mitchell wherein she recommends that the case be dismissed. (Doc.No. 11). Plaintiff has filed a timely objection to the Report and Recommendation (Doc.No. 14). Plaintiff also filed a Motion for Temporary Injunction (Doc.No. 12) and a Motion to Appoint Counsel (Doc.No. 10). Upon consideration of the above, the Court finds as follows.

At the outset the Court DENIES Plaintiff's Motion for Temporary Injunction. On February 11, 2020, Plaintiff filed a Notice of Change of Address indicating that he has been released from incarceration. As such, his request for injunctive relief, which was directed at various Department of Corrections' officials and employees is MOOT.

Plaintiff also seeks the appointment of counsel and re-urges this request in his objection to the Report and Recommendation, arguing that the deficiencies identified by

Magistrate Judge Mitchell could be remedied by counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the Court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*quoting Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, The Court must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks,* 57 F.3d at 979). The Court concludes in this case that (1) Plaintiff has not asserted a colorable claim against any named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments especially given that he has been pursuing these claims in a variety of lawsuits in recent years.

Finally, the Court turns to Plaintiff's specific objections to the Report and Recommendation. Generally, the objections do not address the deficiencies identified by Judge Mitchell. Rather, Plaintiff uses the shortcomings Judge Mitchell identified as a basis

to reaffirm and reassert his desire to have counsel appointed. Citing high-profile criminal cases Plaintiff asserts that he should be appointed counsel because his mental status has been severely impacted by the actions of various prison officials, at a number of facilities and at one point asserts that he is "pleading temporary insanity since January 25, 2017."[1] Mr. Hines additionally makes arguments about retaliation for his prior lawsuits, although those claims are not the subject of the instant action.

Having conducted a *de novo* review of the Report and Recommendation, the Court finds no basis therein for rejecting or modifying any of the conclusions reached by Magistrate Judge Mitchell. The Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY and the action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 12th day of February 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Hines was transferred to the Davis Correctional Facility in January 2017.